Complainant, as substituted trustee under the will of Annie W. Dyer, seeks construction of the sixth paragraph of the will and the direction of this court as to its duties thereunder. The paragraph in question reads as follows:
"Sixth: I give, devise and bequeath my home just recently erected and constructed on a plot of ground having a frontage of about four *Page 324 
hundred feet on Afterglow Road, Verona, New Jersey, and a depth of about one hundred and fifty feet, said plot of ground being irregular in shape, and upon which said premises I now reside and intend to make my home, together with all of the household furnishings and effects of every description to my beloved husband, Frank L. Dyer, to be used and enjoyed by him during the term of his natural life; and from and immediately after his death, I give, devise and bequeath the same to my hereinafter named trustees and direct that they sell said premises and pay one-half of the proceeds to my son, Frank W. Dyer, and pay the remaining one-half to my grandchildren, children of my son, John W. Dyer.
"In the event of the sale of said premises, after the death of my said husband, I direct that my son, the said Frank W. Dyer, be first given an opportunity to purchase the same for the market value thereof before the said premises are sold to any other person."
At the time of the execution of the will in 1922 and at the time of the death of the testator in 1923, she had a husband, two sons and three grandchildren, the children of John W. Dyer and Helen T. Dyer, his wife. Subsequent to the death of testatrix, John W. Dyer and his then wife, Helen T. Dyer, were divorced. John W. Dyer remarried and of his second marriage there were five children who were living in 1941 at the termination of the life tenancy of Frank L. Dyer, the husband of the testatrix.
With the consent of the life tenant and the approval of the court, the real estate, referred to in paragraph sixth of the will, was sold and the proceeds invested, and now form thecorpus of the trust estate to be distributed. The personal property, household furnishings and effects, referred to in paragraph sixth, which had an inventory value of some $7,000, were delivered into the hands of Frank L. Dyer as life tenant.
Two questions are before the court. First, whether distribution of a one-half interest of the trust fund is to be made to the three grandchildren of testatrix who were alive at her death, or to the eight grandchildren who were living at the time of the death of the life tenant; second, whether the personal property, referred to in paragraph sixth of the will, constitutes a part of the trust fund, and if so, whether the trustee is charged with the duty of collecting their value in the estate of Frank L. Dyer. *Page 325 
The question as to whether the five children by the second wife share in the estate depends upon whether the language of the will "to my grandchildren, children of my son, John W. Dyer" constitutes a "class," in which event the five children would participate. In Sadler v. Bergstrom, 113 N.J. Eq. 567, it was held that the word "grandchildren" would mean those living at the time of the termination of a life interest, rather than those living at the time of the creation of the trust, unless other provisions of the will and surrounding circumstances show an intention to the contrary. It is, of course, a well recognized canon of construction that the whole will is to be taken together in ascertaining its meaning. In the will now before the court, there are other references to grandchildren of the testatrix, and they are referred to as "grandchildren, children of John W. Dyer and Helen T. Dyer." These references make it possible to argue that the word "grandchildren" in the clause in question, limits the beneficiary to the grandchildren who are also children of Helen T. Dyer. A stipulation has been entered into between the three children by the first wife and the guardian of the five children by the second wife, subject to the approval of the court, whereby it is agreed that the one-half of the trust fund shall be divided equally — one-half to be divided among the three children of the wife and the other half to the children of the second wife. The three children of the first wife are all of full age and competent to consent to this distribution. As to the five infants, the question is as to whether the court shall approve the settlement offered on their behalf. Under one construction of the will, none of these five children would receive anything, and under the other construction of the will, the difference between what they would receive under the proposed settlement and what they would receive under a construction most favorable to them is very small. There seems to be a real doubt as to the meaning of the will, and under the circumstances, the settlement will be approved and the guardian ad litem authorized to carry it into effect.
As to the other question involved, it seems clear that it is the duty of the trustee to proceed against the estate of Frank L. Dyer to secure the value of the house furnishings and *Page 326 
effects, referred to in the paragraph of the will in question. It seems that the appraised value of these furnishings and effects, at the time they were put in his possession, amounted to approximately $7,000. He, at the time, executed a paper acknowledging receipt therefor "to be used by me during the term of my natural life, with remainder over." However, he treated this personal property as being in his absolute ownership and, during his lifetime, disposed of some of the items. The trustee submits to the court that the furnishings and effects are of doubtful value and perhaps not worth the expense involved in carrying on the proceedings instituted to recover their value from the estate of John W. Dyer, although such proceedings have been instituted by it, and are now held in abeyance. The trustee has suggested that it assign this claim to the beneficiary who can then proceed with it or not as they see fit. However, the remainder interest in the furnishings and effects is a part of the corpus, and it is the duty of the trustee to reduce this asset to possession and distribute it among the remaindermen beneficiaries.